**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| JUSTIN DALCOLLO, | : | Case No. 2:25-cv-614 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Sarah D. Morrison |
| | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| RON O'BRIEN, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate currently in the custody of the Illinois Department of Corrections (IDOC), brings this *pro se* civil rights action against various local, state, and federal officials. (Doc. 1-1).  He alleges a conspiracy to violate his rights relating to charges he faced in Franklin County, Ohio.  (*Id*.).[1]  Because Plaintiff seeks relief against local, state, and federal officials, the Court understands his claims to arise under both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which is the federal equivalent to Section 1983.

This matter is before the Court on Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. 1).  Although the motion is incomplete because it fails to provide the certified prison account information required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a) (*see* Doc.

---

[1]It appears that Plaintiff is currently serving a sentence in the IDOC for a "combined term of 101 years imprisonment following his conviction on multiple counts of robbery, firearms offenses, kidnapping, and aggravated sexual assault." *Dalcollo v. Churches of Lexington*, No. 5:25-cv-367, 2025 WL 2881155, at *2 (E.D. Ky. Oct. 9, 2025) (citing *People v. Dalcollo*, 2024 Il. App (3d) 220153-U, *appeal denied*, 246 N.E.3d 1190 (Ill. 2024), *cert. denied sub nom. Dalcollo v. Illinois*, 145 S. Ct. 2797 (2025)).  Plaintiff alleges that he previously served time in the Ohio Department of Rehabilitation and Correction.  (Doc. 1-1, at PageID 14-15).

1, at PageID 5-7), the PLRA's "three-strikes" rule, 28 U.S.C. § 1915(g), independently bars Plaintiff from proceeding *in forma pauperis* in this case.  This bar obviates the need for the Court to pursue additional account information before adjudicating Plaintiff's motion.  For the reasons that follow, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) should be **DENIED**. 28 U.S.C. § 1915(g).

A.  **Legal Standard**

Congress has restricted a prisoner's right to proceed *in forma pauperis*.  In accordance with the PLRA:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The undersigned has determined that Plaintiff is a "three striker" as contemplated in § 1915(g) due to at least three lawsuits he filed that have been dismissed as frivolous or for failure to state a claim.  *See, e.g., Dalcollo v. Walsh,* No. 22-cv-2721 (N.D. Ill. Aug. 23, 2022) (Doc. 13) (case dismissed as frivolous and for failure to state a claim); *Dalcollo v. Wills,* No. 23-cv-828 (S.D. Ill. May 17, 2023) (Doc. 21) (case dismissed for failure to state a claim); *Dalcollo v. Wills,* No. 23-2348, 2024 WL 676766, at *2 (7th Cir. Feb. 20, 2024) (affirming dismissal for failure to state a claim, assessing strike under § 1915(g)); *Dalcollo v. Churches of Lexington*, No. 25-cv- 367, 2025 WL 2881155, at *2 (E.D.K.Y. Oct. 9, 2025) (case dismissed for, among other reasons, being barred by the statute of limitations).  Because the above cases were dismissed as

2

frivolous or for failure to state a claim upon which relief can be granted, they each constitute a strike under the PLRA. *See Crump v. Blue*, 121 F.4th 1108 (6th Cir. 2024).[2]

In view of his three strikes, Plaintiff may not proceed *in forma pauperis* in this case unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." To satisfy this exception to the three-strikes rule, "the threat or prison condition 'must be real and proximate' and the danger of serious physical injury must exist at the time the [initial] complaint is filed." *See Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). Neither an assertion of past danger, *Rittner*, 290 F. App'x at 797–98, nor speculative future harm, *Shephard v. Marbley*, 23 F. App'x 491, 492 (6th Cir. 2001), are sufficient to invoke the exception. Moreover, the type of physical injury alleged by a plaintiff must "have potentially dangerous consequences such as death or severe bodily harm" to qualify as "serious" under § 1915(g). *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019).

### B.   Plaintiff's Complaint

The allegations in Plaintiff's Complaint are difficult to follow. They appear to arise out of events dating as far back as 2012 and to, at base, attempt to cast doubt on the legality of his current imprisonment. (*See, e.g.*, Doc. 1-1 at PageID 16 (alleging he was framed for a crime in Illinois)). Setting aside the lack of clarity in Plaintiff's allegations, however, Plaintiff must meet the PLRA's imminent-danger exception to proceed *in forma pauperis*. He fails to do so.

Plaintiff's assertions of imminent danger are conclusory and unsupported by well-pleaded factual allegations. He asserts that he is imminent danger due to his allegedly illegal

---

[2]Plaintiff has in fact had numerous cases dismissed by the federal courts. *See Dalcollo v. Borja*, No. 26-cv-28, 2026 WL 199286, at *1 (S.D. Ill. Jan. 27, 2026) (detailing Plaintiff's litigation history over the last four years).

incarceration, his allegedly being subjected to past sexual assaults in the IDOC, and his and his family allegedly having received threats from "officers." (Doc. 1-1, at PageID 19). But Plaintiff's complaint is devoid of factual allegations showing that he faced a "real and proximate . . . danger of serious physical injury" at the time his complaint was filed. *Rittner*, 290 F. App'x at 797–98. In the absence of particular factual allegations showing any immediate or impending serious physical injury in existence at the time he commenced this action, Plaintiff does not meet the exception to the "three-strikes" rule set forth in 28 U.S.C. § 1915(g) and his motion to proceed *in forma pauperis* should be denied. In light of the above recommendation, Plaintiff's Motion Requesting Case Info (Doc. 3) should be denied as moot.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 1) be **DENIED** and he be ordered to pay the full $405 fee ($350 filing fee plus $55 administrative fee) required to commence this action within thirty (30) days, and that Plaintiff be notified that his failure to pay the full $405 fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002);

2. Plaintiff's Motion Requesting Case Info (Doc. 3) be **DENIED** as moot; and

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS:

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

4

question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court.  *See, e.g., Pfahler v. Nat'l Latex

Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

the magistrate judge's report and recommendation).  Even when timely objections are filed,

appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d

981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation

omitted).

February 24, 2026                                   *s/Stephanie K. Bowman*
                                                    STEPHANIE K. BOWMAN
                                                    United States Chief Magistrate Judge

5