UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JUSTIN DALCOLLO,

   **Plaintiff,**      **:**

             Case No. 2:25-cv-614

**v.**             Chief Judge Sarah D. Morrison
             Magistrate Judge Stephanie K.
             Bowman

RON O'BRIEN, *et al.*,

            **:**

   **Defendants.**

## OPINION AND ORDER

Justin Dalcollo is an inmate in the custody of the Illinois Department of

Corrections ("IDOC") proceeding without the assistance of counsel. (ECF No. 1.) He

initiated this action against various government officials based on events that he

alleges occurred in Franklin County, Ohio between 2012 and 2019. (Compl., ECF

No. 1-1.) He also filed a Motion for Leave to Proceed *in forma pauperis*. (ECF No. 1.)

But he previously filed at least three meritless lawsuits, so the Magistrate Judge

issued a Report & Recommendation recommending that his Motion be denied

pursuant to the Prison Litigation Reform Act's "three strike" rule. (R&R, ECF No.

4.) Mr. Dalcollo objects to the R&R.[1] (Obj., ECF No. 5.)

---

[1] Mr. Dalcollo titles his response as a Rule 59(e) "Motion to Alter and Amend
Judgment" and "Objection to the Judge's Order." (Obj., PAGEID # 45.) Because the
R&R did not result in an entry of judgment, the Court construes Mr. Dalcollo's
motion as his Objection to the R&R.

## I.     OBJECTION TO THE R&R

If a party timely objects to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has reviewed the Magistrate Judge's R&R and Mr. Dalcollo's Motion, *de novo*, and finds no error in the Magistrate Judge's conclusion or reasoning.

Under 28 U.S.C. § 1915(g), a prisoner is ineligible to proceed *in forma pauperis* in a civil action or appeal if courts have dismissed three or more of his lawsuits as frivolous, malicious, or for failure to state a claim. That provision provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if the three strikes rule applies, a prisoner may not proceed *in forma pauperis* unless he alleges an imminent danger of serious physical injury. *Id.*

Mr. Dalcollo has filed at least three previous civil actions in federal court during his incarceration that were dismissed as frivolous or for failure to state a

2

claim. *See, e.g., Dalcollo v. Walsh*, No. 22-cv-2721 (N.D. Ill. Aug. 23, 2022) (Doc. 13); *Dalcollo v. Wills*, No. 23-cv-828 (S.D. Ill. May 17, 2023) (Doc. 21); *Dalcollo v. Wills*, No. 23-2348, 2024 WL 676766, at * 2 (7th Cir. Feb. 20, 2024); *Dalcollo v. Churches of Lexington*, 5:25-cv-367 (E.D. Ky. Oct. 9, 2025) (Doc. 3). Several courts have also denied his motions to proceed *in forma pauperis* under the three strikes rule. *See, e.g., Dalcollo v. Brookhart*, No. 24-1479 (Doc. 15) (7th Cir. July 31, 2025) (denying *in forma pauperis* on appeal under § 1915(g)); *Dalcollo v. Martija, et al.*, No. 25-cv-1365 (C.D. Ill. Nov. 17, 2025) (Doc. 15) (reminding Mr. Dalcollo that he had already accumulated three strikes and could not proceed *in forma pauperis* unless he credibly alleged imminent danger); *Dalcollo v. Borja, et al.*, No. 3:26-cv-28 (Doc. 10) (S.D. Ill. Jan. 27, 2026) (noting Mr. Dalcollo has pursued 18 federal civil suits in the past four years without any findings in his favor and thus cannot proceed *in forma pauperis* without an imminent danger finding). Accordingly, Mr. Dalcollo is statutorily barred from proceeding *in forma pauperis* unless he alleges imminent danger of serious physical injury.

For the imminent danger exception to apply, the complaint must include facts from which a reasonable inference could be drawn that the prisoner was "under an existing danger at the time he filed his compliant." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (citation omitted). The "threat or prison condition 'must be real and proximate' and the danger of physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (citation omitted). Moreover, the threat of physical injury must

3

have "potentially dangerous consequences such as death or severe bodily harm." *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019). Allegations of past danger and assertions that are conclusory, clearly baseless, or are "irrational or wholly incredible" are insufficient to invoke the exception. *Rittner*, 290 F. App'x at 797–98.

In his Complaint, Mr. Dalcollo alleges that he is in imminent danger of serious injury due to his "illegal incarceration," past sexual assaults in IDOC, and threats against his family. (Compl., PAGEID # 19.) These conclusory allegations include no supporting facts to show that Mr. Dalcollo faced a real and existing threat of death or serious bodily harm at the time he filed his Complaint. Even accepting these assertions as true, the mere fact of incarceration and alleged threats against individuals other than Mr. Dacollo fail to show that he faced imminent threat of death or severe bodily harm at the time he filed his Complaint. Neither can allegations of past sexual assault serve to demonstrate an existing and proximate danger. Although Mr. Dalcollo argues that the fact that he "clearly state[d] a sexual assault was enough" to meet the exception (Obj., PAGEID # 55), his unspecified allegations regarding the past sexual assaults refer to events occurring years before he filed his Complaint. Thus, Mr. Dalcollo fails to show an imminent threat of physical harm under § 1915(g).

Because Mr. Dalcollo has filed at least three meritless cases and failed to show that the imminent danger exception applies, the PLRA's three strike rule bars him from proceeding *in forma pauperis*. The R&R is thus **ADOPTED** and Mr. Dalcollo's Objection is **OVERRULED**.

4

## II.    CERTIFICATE OF APPEALABILITY

The Court is not persuaded that reasonable jurists could debate the Motion's denial. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). As a result, the Court **DECLINES** to issue a certificate of appealability. The Court further certifies that an appeal would not be in good faith and that any application to proceed *in forma pauperis* on appeal should be denied.

## III.    CONCLUSION

For these reasons, Mr. Dalcollo's Objection (ECF No. 5) is **OVERRULED**. The Report and Recommendation (ECF No. 4) is **ADOPTED** and **AFFIRMED**. Mr. Dalcollo is **DIRECTED** to pay the $405 fee required to commence this action within **thirty (30) days**. He is **ADVISED** that failure to pay the full $405 fee within thirty days will result in the dismissal of this action. His Motion Requesting Case Info (ECF No. 3) is **DENIED** as moot.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**