## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

JUSTIN DALCOLLO,

              Plaintiff,

    v.

RON O'BRIEN, *et al.*,

              Defendants.

:

:

:

**Case No. 2:25-cv-614**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Stephanie K. Bowman**

### OPINION AND ORDER

Justin Dalcollo, an inmate in the custody of the Illinois Department of Corrections ("IDOC") proceeding without the assistance of counsel, initiated this action against various government officials based on events that he alleges occurred in Franklin County, Ohio, between 2012 and 2019. (ECF Nos. 1, 1-1.) The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that his request for leave to proceed *in forma pauperis* be denied pursuant to the Prison Litigation Reform Act's "three strike" rule. (ECF No. 4.) The Court adopted and affirmed the R&R over Mr. Dalcollo's objection and directed him to pay the filing fee within thirty (30) days. (ECF No. 7.)

Instead of paying the fee, Mr. Dalcollo filed a "Motion of a Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure." (ECF No. 8.) He says that Detective Stellar, who is named as a Defendant in the Complaint, came to Illinois after "forcing" him out of Ohio and is "tied" to his current Illinois conviction. (*Id.*) He also argues that he is in a "state of imminent physical injury" because of his

imprisonment and because he has been harassed by several federal and state officials, including through a sexual assault that occurred after his guilty plea. (*Id.*)

Under Rule 59(e), a party may seek to alter or amend a judgment by filing a motion no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). "A Rule 59(e) motion must present newly discovered evidence or clearly establish a manifest error of law." *D.E. v. John Doe*, 834 F.3d 723, 727 (6th Cir. 2016) (citation omitted). Under Rule 60(b), a court may relieve a party from a final order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

A court should grant a motion to reconsider under Rule 59(e) or Rule 60 only in extraordinary circumstances. *Tera II, LLC v. Rice Drilling D, LLC*, 2:19-cv-2221, 2024 WL 231456, at \*1 (S.D. Ohio Jan. 22, 2024) (citation omitted) (Marbley, J.). Generally, motions for reconsideration are justified only when there is an intervening change of controlling law, new evidence available, or a need to correct a clear error or prevent manifest injustice. *Id.* (citation omitted). Such motions are

2

"not intended to re-litigate issues previously considered by the court or to present evidence that could have been raised earlier." (*Id.*) (citation omitted).

Mr. Dalcollo has not met these standards. He neither cites to an intervening change of law nor establishes a clear error or manifest injustice. The details that he includes in his Motion are not newly discovered evidence that was "previously unavailable." *Boyce v. Shoop*, No. 3:21-cv-216, 2023 WL 7015751, at *1 (S.D. Ohio Oct. 25, 2023) (Merz, M.J.) (citations omitted). In any event, these details fail to show that he faced imminent threat of serious bodily harm when he filed his Complaint. At bottom, Mr. Dalcollo's Motion amounts to an improper attempt to relitigate the issues previously considered by the Magistrate Judge and the Undersigned.

Accordingly, Mr. Dalcollo's Motion (ECF No. 8) is **DENIED**. The Court's Order adopting and affirming the R&R (ECF No. 7) stands. The Court again **DECLINES** to issue a certificate of appealability and further certifies that an appeal would not be in good faith, such that any application to proceed *in forma pauperis* on appeal should be denied.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

3