**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| JUSTIN DALCOLLO, | : | Case No. 2:25-cv-614 |
| Plaintiff, | : | |
| vs. | : | Chief District Judge Sarah D. Morrison<br>Chief Magistrate Judge Stephanie K. Bowman |
| RON O'BRIEN, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an inmate currently in the custody of the Illinois Department of Corrections (IDOC), filed a Complaint, along with a motion for leave to proceed *in forma pauperis.* (Doc. 1). On February 24, 2026, the undersigned issued a Report and Recommendation (Doc. 4), recommending that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) be denied pursuant to 28 U.S.C. § 1915(g), also known as the "three-strikes" rule. As the undersigned noted, Plaintiff is a "three striker," as contemplated by § 1915(g), due to at least three lawsuits he filed that have been dismissed as frivolous or for failure to state a claim. (Doc. 4, at PageID 41).

On May 26, 2026, the District Judge adopted and affirmed the above referenced Report and Recommendation. (Doc. 7). The District Judge gave Plaintiff 30 days to pay the $405 filing fee and warned Plaintiff that his failure to do so would result in the dismissal of this action. (*Id.* at PageID 64). Plaintiff did not pay the filing fee but instead filed a motion for reconsideration (Doc. 8), which the District Judge denied on July 27, 2026 (Doc. 9).

To date, well more than 30 days following the May 26, 2026 Order denying Plaintiff's motion to proceed *in forma pauperis*, Plaintiff still has not paid the required $405 filing fee.

"District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for Plaintiff's failure to comply with the Court's May 26, 2026 Order. (Doc. 7). *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED without prejudice** for want of prosecution.

September 14, 2026

*s/Stephanie K. Bowman*
STEPHANIE K. BOWMAN
UNITED STATES CHIEF MAGISTRATE JUDGE

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems

sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).